IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNEST JACK HILL, III,** | : | Civil No. 3:10-CV-1743 |
| **Plaintiff,** | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Carlson) |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM ORDER**

I.  **INTRODUCTION**

Plaintiff Ernest Jack Hill, III, has filed a motion asking the Court to reconsider its denial of a motion that he filed requesting that the Court take "judicial notice" of certain facts that he alleged in the second amended complaint filed in this case. (Doc. 52.) Plaintiff has also filed a related motion for leave to file a brief in support of Plaintiff's renewed motion for judicial notice. (Doc. 53.) Upon consideration, the motions will be denied, because Plaintiff has failed to demonstrate that reconsideration of our prior order is warranted, and, more fundamentally, because Plaintiff's underlying request that the Court take judicial notice of facts he believes Defendants have admitted is meritless.

## II.   BACKGROUND

This is a Bivens[1] action brought the Plaintiff, Ernest Jack Hill, III, an inmate who is currently incarcerated at the United States Penitentiary - Canaan, in Waymart, Pennsylvania.  (Doc. 27, Second Am. Compl.)  In this suit, Hill has named more than two dozen individuals as defendants, all of whom appear to be employees or officials with the Bureau of Prisons who work at USP-Canaan and other federal correctional facilities throughout the United States.  Hill has alleged that the various named defendants were deliberately indifferent to his serious mental health needs.  (Id.)  In terms of his specific allegations of deliberate indifference, Hill avers that health care at the prison has been administered by staff who are not licensed to prescribe medication; that he has been wrongly denied care, and the opportunity to obtain care from local providers; and that the denial of certain medications has caused his cardiac and related conditions to worsen.  (Id.)  As relief, Hill seeks monetary damages.

On March 4, 2011, Defendants filed a collective motion to dismiss Hill's second amended complaint or, in the alternative, for summary judgment.  (Doc. 38.)  The following day, Defendants filed a brief in support of their motion,

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

together with a statement of facts (Doc. 39.) The Court entered an order directing Plaintiff to respond to motion not later than April 20, 2011, and authorizing Defendants to file a reply brief on or before May 4, 2011. (Doc. 41.) On April 11, 2011, Plaintiff moved for an enlargement of time to respond to the motion (Doc. 43), and the Court granted the motion, and directed Hill to respond on or before May 6, 2011 (Doc. 44). The Court later entered another order, enlarging Hill's deadline to respond until May 10, 2011. (Doc. 47.) Hill filed a brief in opposition to the motion on May 9, 2011. (Doc. 49.)

On April 11, 2011, Hill filed a motion seeking "judicial notice" that certain facts alleged in the second amended complaint, apparently because Defendants had not yet filed an answer, and Hill believed that their failure to do so had caused them to have forfeited their right to challenge certain facts alleged in the second amended complaint. (Doc. 42.) When Hill failed to file a timely brief in support of his motion, the Court entered an order denying the motion, deeming it to be withdrawn pursuant to Local Rule 7.5. (Doc. 45.)

Hill has now filed two motions relating to the Court's denial of his motion for "judicial notice." In the first motion, Hill asks the Court to reconsider the order denying the requested relief. (Doc. 52.) In the second motion, Hill moves

3

for permission to file a brief in support of his motion for judicial notice. (Doc. 53.) Because neither motion has merit, both will be denied.

Although Hill's motions invite the Court to consider the leniency that he believes should be afforded to *pro se* litigants, as well as a variety of other legal issues, at bottom the motions pending before the Court suffer from a single inescapable flaw: Hill's request that the Court take "judicial notice" of certain facts alleged in the complaint has no legal basis and runs contrary to the Federal Rules of Civil Procedure. For the reasons set forth briefly below, we will deny Hill's pending motions.

### III.  DISCUSSION

#### A.  Motion for Reconsideration: The Standard

In his first motion, Hill requests that the Court reconsider its order denying Plaintiff's motion for judicial notice. Because Plaintiff has failed to demonstrate that reconsideration of our earlier order is warranted, this motion will be denied.

The legal standards that govern motions to reconsider are both clear, and clearly compelling. It is well-settled that, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Therefore, typically such a motion should only be granted in three,

narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992 ). Thus, it is clear that a party's mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F. Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F. Supp. at 830. Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

    Upon consideration of these principles, the Court finds that Plaintiff has failed to demonstrate that reconsideration is warranted.  Hill has not identified either a change in the applicable law or the discovery of new evidence that would somehow have relevance to this matter.  At most, Hill seems to argue that it would

be a manifest injustice if the Court were to stand by its earlier order denying Hill's motion for judicial notice.  In this regard, Hill avers that his failure to file a timely brief in support of his earlier motion for judicial notice was the product of challenges he faces as a *pro se* litigant housed in a United States penitentiary, and that his failure to comply with the Local Rules governing briefing schedules should have been excused, or the deadlines relaxed.  We disagree that our earlier order was unfair to Hill.  Even if we were to agree with Hill that his status as a *pro se* inmate should provide him with more relaxed requirements than other litigants, we would nevertheless disagree that our prior order caused a manifest injustice to Hill, or that it was in any way unfair to him, because the relief Hill sought in the motion for "judicial notice" is entirely without merit.  We explain below.

> **B.    Defendants Have Filed a Timely Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Therefore are Relieved From an Obligation to File an Answer to the Complaint.**

Defendants have moved to dismiss the second amended complaint in this case.  The very fact that Defendants filed a timely motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) relieves them of an obligation to file an answer to the complaint until the pending motion has been adjudicated.  See Fed. R. Civ. P. 12(a)(4).  Rule 12(a)(2) and (3) provide that when a complaint names

the United States and its officers or employees in either their official or individual capacities, the defendants ordinarily have 60 days to answer the complaint.  Fed. R. Civ. P. 12(a)(2) and (3).  However, when a defendant files a motion to dismiss a complaint pursuant to Rule 12, the time for answering a complaint is suspended.  If the court grants the motion to dismiss a complaint in its entirety, then no answer will ever be due.  On the other hand, if the court denies the motion or postpones its disposition until trial, the responsive pleading must be filed within 14 days after notice of the court's action.  See Fed. R. Civ. P. 12(a)(4)(A).

In this case, Defendants – all of whom are officials or employees of the United States – have moved timely to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6).[2]  (Doc. 38.)  This motion, to which Plaintiff has only recently responded, is not yet ripe for disposition.  Until this motion is ruled upon, Defendants have no obligation to answer or otherwise respond to the complaint, and their failure to file an answer is both appropriate and consistent with the Federal Rules of Civil Procedure.  Moreover, the fact that an answer has not yet been filed does not in any way mean that Defendants should be deemed to have admitted any facts that are alleged in the complaint.

---

[2] Alternatively, Defendants have moved for summary judgment pursuant to Rule 56.  (Doc. 38.)

Because Plaintiff's original motion for judicial notice of certain facts alleged in the complaint was entirely without merit when filed, and remains without merit now, the Court finds no basis upon which to reconsider its prior order denying the motion. Defendants have not answered the complaint, and under the Federal Rules of Civil Procedure are not required to do so until their pending dispositive motion has been addressed by the Court. Therefore, Defendants cannot be deemed to have admitted any facts alleged in the complaint, and Plaintiff's request that the Court take notice of certain alleged facts is baseless.

Accordingly, for the reasons set forth above, Plaintiff's motion for reconsideration (Doc. 52), and motion to file a brief in support of Plaintiff's motion for judicial notice (Doc. 53) are DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated:      May 17, 2011