## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNEST JACK HILL, III** | : | **CIVIL NO. 3:10-CV-1743** |
| | : | |
| **Plaintiff,** | : | **(Judge Kosik)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **HARLEY LAPPIN, et. al,** | : | |
| | : | |
| **Defendants,** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

This case is a civil rights action brought by a federal prisoner, Ernest Jack Hill, against federal prison officials, alleging that these prison officials have been deliberately indifferent to Hill's serious medical needs. The plaintiff in this case, Ernest Jack Hill, III, is an inmate who reportedly suffers from an array of emotional and physical challenges. Over the past several years, medical personnel in at least three federal prisons have examined Hill, treated him on dozens of occasions, and diagnosed the complex combination of emotional maladies and physical symptoms which he presents to his care-givers. The nature and extent of this treatment is undisputed; indeed, Hill has meticulously documented and identified literally dozens of medical encounters which he has had with prison staff, often on a weekly basis, over the past two years.

Despite these undisputed efforts, Hill contends that prison officials have nonetheless been deliberately indifferent to his serious medical needs. This claim of deliberate indifference to the plaintiff's medical needs appears, in part, to turn on a broadly-framed dispute between Hill and his care-givers regarding one specific form of treatment for the anxiety and panic disorders which plague the plaintiff, the use of a particular class of anti-anxiety medications to treat this condition. In addition to these broadly cast constitutional claims, Hill leveled one other, more specific and narrowly tailored allegation in his second amended complaint. According to Hill, on three specific instances between February and July of 2010, two correctional staff, Lieutenant Novak and Correctional Officer Acevedo, ignored medical emergencies experienced by Hill late at night or in the early morning hours, and deliberately allowed the plaintiff to lay on the floor of his cell, suffering acute distress for hours before summoning outside medical assistance. (Doc. 27, pp.29-30)

After making these allegations, Hill's second amended complaint casts a broad web of culpability, naming twenty-four individual defendants. These individual defendants include the Director of the Federal Bureau of Prisons, Harley Lappin; five medical personnel employed at the Federal Correctional Complex, Terre Haute;[1] as

---

[1] The Terre Haute defendants are defendants Klink, Ndife, Tabor, Drummy, and Webster.

well as prison medical personnel stationed in Springfield, Missouri, Philadelphia, Pennsylvania, and Waseca, Minnesota.[2]   Hill then levels a series of claims against fifteen defendants employed at the United States Penitentiary, Canaan.   These defendants range from the warden at this facility, Ronnie Holt, to a corrections lieutenant, correctional officers, along with prison medical and psychological staff. After naming 24 defendants in his complaint, Hill seeks damages from only 11 of these defendants.  (Doc. 27, pp.29-31)  Hill's prayer for damages, like much of the balance of his complaint, is sweeping in its reach, with Hill demanding $500,000 in compensatory damages, and $1,500,000 in punitive damages from each of these defendants. (Id.)

Hill has been provided an opportunity to complete discovery in aid of these claims, and in order to permit the plaintiff to address a pending, and potentially dispositive, defense motion.   Hill has taken full advantage of this discovery opportunity, propounded numerous, multi-faceted discovery demands upon the defendants, and is now embroiled in a discovery dispute with the defendants.  This dispute relates both to the adequacy of defense responses to multiple requests for

---

[2]These defendants included, Lemuel Arriola, (Waseca, Minnesota), N. Newland, (Philadelphia, Pennsylvania) and James Wolfson, M.D., (Springfield, Missouri).

admission served by Hill, as well as the timeliness of the delivery of other discovery responses to Hill.

The defendants have responded to Hill's various discovery motions, acknowledging a brief delay in the delivery of some discovery, while asserting that Hill has now received a response to all of his 35 discovery demands.  Indeed, the defendants note that they have provided Hill discovery beyond that required by the Federal Rules of Civil Procedure.  For example, Hill complained that the defendants failed to make initial disclosures to him under Rule 26.  The defendants, however, have responded by noting both that they have made such disclosures, and by aptly observing that Hill is not entitled to such disclosure under Rule 26(a)(1)(B).

Beyond these arguments concerning the timing of discovery which has now been tendered to Hill, the plaintiff's principal complaint in these discovery motions is that the defendants have not adequately responded to his multiple requests for admission.  With respect to this contention, the defendants have filed a carefully documented response which details each of Hill's requests for admission, and the defendants' responses to these requests for admission. (Doc. 136)  The defendants contend, with some substantial justification, that many of Hill's requests for admission were prolix, argumentative, confusing and embraced compound subjects, actors, events and assertions.  Notwithstanding these flaws in the requests for

4

admission, the defendants note that they responded to each request, admitting what they could, denying what was beyond their capacity to admit, and objecting to those portions of these requests which were improper.

These various competing discovery motions have now been fully briefed by the parties, and are ripe for resolution.  Having reviewed these pleadings, for the reasons set forth below, Hill's discovery motions, (Docs. 104, 110, 111, 112, 114), and motion for sanctions (Doc. 131) will be denied.

## II.   **Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute.   At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions for sanctions, and provides that:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c).

The scope of what type of discovery may be compelled under Rule 37, and give rise to sanctions, is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

 Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus,

6

a court's decisions regarding the conduct of discovery, and whether to compel

disclosure of certain information, will be disturbed only upon a showing of an abuse

of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This far-reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l
> Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585
> (D.N.J.1997). When a magistrate judge's decision involves a
> discretionary [discovery] matter . . . , "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224
> F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States,
> 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate
> judge's discovery ruling "is entitled to great deference and is reversible
> only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys.
> Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v.
> BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
> (holding that discovery rulings are reviewed under abuse of discretion
> standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223
> F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
> resolution of discovery disputes deserves substantial deference and
> should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles.  Thus, at the

outset, it is clear that Rule 26's broad definition of that which can be obtained through

discovery reaches only "nonprivileged matter that is relevant to any party's claim or

defense."  Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues.  Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms:  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving under Rule 37 to compel discovery, or for sanctions, bears the initial burden of proving the relevance of the requested information.  Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001).  Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery:  (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

In addition, when considering discovery disputes like the instant dispute relating to requests for admissions, the court–and the litigants–must remain mindful of the limited purpose served by this particular discovery tool.

> The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested. See Webb v. Westinghouse Elec. Corp., 81

8

F.R.D. 431, 436 (E.D.Pa.1978); <u>United States v. Watchmakers of Switzerland Information Center, Inc.</u>, 25 F.R.D. 197, 201 (S.D.N.Y.1959). Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. Furthermore, the use of only the word "denied" is often sufficient under the rule. <u>See, e.g.</u>, <u>Continental Casualty Co. v. Brummel</u>, 112 F.R.D. 77, 81-82 n. 2 (D.Colo.1986); <u>Kleckner v. Glover Trucking Corp.</u>, 103 F.R.D. 553, 557 (M.D.Pa.1984). "Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." <u>Havenfield Corp. v. H & R Block, Inc.</u>, 67 F.R.D. 93, 96 (W.D.Mo.1973). "A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege." <u>Johnstone v. Cronlund</u>, 25 F.R.D. 42, 46 (E.D.Pa.1960). "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." <u>Id.</u> at 45

<u>United Coal Companies v. Powell Const. Co.</u>, 839 F.2d 958, 967-68 (3d Cir. 1988). With these legal guideposts in mind, we turn to consideration of Hill's various discovery motions

At the outset, to the extent that Hill invites us to find that the defendants have failed to adequately respond to his requests for admission, we will decline this invitation. Our review of Hill's requests for admission, and the defendants' responses to those requests for admission, reveal several basic truths.

First, many of Hill's requests were confusing, unclear, prolix, and propounded in an argumentative fashion. These requests for admission also frequently embraced multiple, independent propositions, many of which assumed the ultimate issues at

9

dispute in this lawsuit.  Some of these propositions were framed in the nature of legal assertions.  Other requests for admission required parties to admit to the culpability of co-defendants, or to acknowledge factual matters that were hotly disputed by the parties.  Thus, Hill's requests for admission routinely violated the simple guidance that:  "Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96 (W.D.Mo.1973).  Similarly, the complex and confusing format of many of these requests defied any ready response, and did not heed the court's admonition that:  "A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege." Johnstone v. Cronlund, 25 F.R.D. 42, 46 (E.D.Pa.1960).  "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." Id. at 45.  Furthermore, Hill's efforts to secure admissions from the defendants of central, and disputed, issues in this litigation ignored the basic truth that where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response.

See e.g., <u>Continental Casualty Co. v. Brummel</u>,112 F.R.D. 77, 81-2 (D.Colo.1986);

<u>Kleckner v. Glover Trucking Corp.</u>, 103 F.R.D. 553, 557 (M.D.Pa.1984).

Given the flaws in Hill's requests for admission, we find the defendants' responses to these requests to have been reasonable and appropriate. The defendants admitted what they could. They denied what they disputed, and they objected to those propositions which were not appropriates topics for requests for admission. Accordingly, we will decline Hill's invitation to compel further replies to these requests.

We also find that Hill's complaints regarding the timing of other discovery do not require the Court's intervention at this time. The defendants have acknowledged an inadvertent delay in providing some discovery. They have corrected that delay, providing material in some instances beyond that required under the Federal Rules of Civil Procedure. Furthermore, the brief delay in producing this information has not prejudiced Hill in any demonstrable way. On these facts, there is nothing further for us to compel, and the imposition of sanctions is unwarranted.

An appropriate order follows.

### III.   <u>Conclusion</u>

For the foregoing reasons, Hill's discovery motions, (Docs. 104, 110, 111, 112, 114), and motion for sanctions (Doc. 131) are DENIED. Hill's Second Motion for

11

Extension of Time in which to File a Reply Brief, (Doc. 143), which was previously

granted by this Court, (Doc. 141), is DISMISSED as moot.

So ordered this 6th day of June 2012.


***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge