FILED
SCRANTON
JAN 17 2013
PER ___ DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ERNEST JACK HILL, III

    Plaintiff,

v.

HARLEY LAPPIN, et. al.,

    Defendants.

Civil No. 3:10-CV-1743

(Judge Kosik)

## MEMORANDUM

    Plaintiff, Ernest Jack Hill, III, a federal prisoner currently housed at USP-Victorville in Adelanto, California, filed a *pro se* Complaint on August 19, 2010. (Doc. 1). The case was assigned to Magistrate Judge Martin C. Carlson. Plaintiff filed an Amended Complaint on October 7, 2010 and a Second Amended Complaint on January 31, 2011. (Doc. 11, 27). Defendants filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment on May 21, 2012. (Doc. 137). Currently before the Court is a Report and Recommendation ("R&R") of Magistrate Judge Carlson recommending that Defendants' Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment, be granted as to all claims except the deliberate indifference claims against Defendant Lieutenant Novak and Defendant Correctional Officer Acevedo ("Novak" and "Acevedo") regarding three specific instances between February and July of 2010. (Doc. 172). Plaintiff and Defendants have each filed various documents in response to the R&R. (Doc. 181, 182, 183, 190, 191, 194, 195). For the reasons which follow, we will adopt the R&R of the Magistrate Judge, but we will remand the matter to the Magistrate Judge for further proceedings consistent with this Memorandum..

### Factual Background & Procedural History

    On October 10, 2012, the Magistrate Judge issued the R&R that serves as the current basis for this Memorandum. (Doc. 172). In the R&R, the Magistrate Judge explains the extensive procedural history and factual background of this case. For the sake of brevity, instead of reiterating the procedural history and factual background in this memorandum, we will instead adopt the Magistrate Judge's recitation.

The Court notes that in addition to the procedural history outlined by the Magistrate Judge, various other documents have been filed. These include documents relating to discovery, including a motion for extension of time to complete discovery filed by the Defendants and motions for sanctions, for a hearing, and a position statement filed by the Plaintiff. (Doc. 173, 177, 178, 179, 180).

## Standard of Review

When objection are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks,* 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *see also Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984). We read Plaintiff's filings liberally because of his pro se status.

## Discussion

In the R&R, the Magistrate Judge recommends that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, be granted as to all claims except the deliberate indifference claims against Defendants Novak and Acevedo regarding three specific instances between February and July of 2010. (Doc. 172). On November 7, 2012, Defendants filed Objections to the R&R. (Doc. 181). In the accompanying brief in support, Defendants introduce new evidence for the Court to consider in deciding whether or not summary judgment should be granted in regards to Defendants Novak and Acevedo. (Doc. 182). In addition to their own Objections, Defendants also filed a brief in opposition to Plaintiff's objections (Doc. 191) and a brief in opposition to Plaintiff's reply to Defendants' objection (Doc. 195).

2

On November 14, 2012, Plaintiff filed his objections to the R&R. (Doc. 183). Plaintiff specifically objects to: (1) the Magistrate Judge's only considering his Complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), Section 1331 of Title 28 of the United States Code, and the Eighth Amendment to the United States Constitution, while not considering the claim under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2674 *et seq.*; (2) the Magistrate Judge striking Plaintiff's demand for specified compensatory and punitive damages;(3) the Magistrate Judge's dismissal of his Eighth Amendment claim, more specifically the Magistrate Judge's characterization of Plaintiff's claim as "a mere 'dispute over the type of anti-anxiety medication to prescribe to [Plaintiff]...' Rept. & Rec. Page 10, amounts to a 'broadly-framed Eighth Amendment claim[].'" (*Id.* at 4). Instead, Plaintiff argues that his claim is that he is not receiving "adequate" care due to Defendants' policy, written or unwritten, that prohibits the use of treating prisoners with benzodiazapines; and, although not numbered separately, (4) the Magistrate Judge's finding that there was no supervisory liability and (5) the finding that the remaining Defendants were entitled to qualified immunity. (*Id.*). In addition to his own Objections, Plaintiff also filed a reply to Defendants' objections (Doc. 190) and a reply to Defendants' opposition of Plaintiff's objection (Doc. 194).

## I. FTCA Claim

Plaintiff objects to the Magistrate Judge considering his claim solely under *Bivens,* 403 U.S. 388, Section 1331 of Title 28 of the United States Code, and the Eighth Amendment to the United States Constitution. (Doc. 183, p. 2-3). Plaintiff argues that, in addition to those grounds, he has properly alleged a claim under the FTCA. (*Id.*). As Defendants point out in their opposition to this objection, Plaintiff has not brought a proper action under the FTCA because he has not named the United States as a defendant; because he has failed to properly exhaust his FTCA claims; and because constitutional issues cannot be brought under the FTCA. (Doc. 191, p. 1-4). Plaintiff counters Defendants' opposition arguing that because he is *pro se* his pleadings should be construed liberally.

The Magistrate Judge did not have an opportunity to address Plaintiff's claims as

3

raised pursuant to the FTCA. Because of this, we will remand this claim back to the Magistrate Judge, noting that Plaintiff, despite his *pro se* status, should be aware of the various requirements needed to properly allege a claim under the FTCA.

## II. Specified Damages

Plaintiff further objects to the Magistrate Judge striking his specified compensatory and punitive damages. This objection will be overruled. The Magistrate Judge properly struck Plaintiff's specified damages based on Local Rule 8.1. (Doc. 172, fn. 5). As the Magistrate Judge explains, the Plaintiff will be given the opportunity, in any subsequent trial or hearing on the merits, to argue for any appropriate amount of damages supported by the evidence. (*Id.*).

## III. Dismissal of the Eighth Amendment Claim Regarding Treatment, Supervisory Liability, and Qualified Immunity

Plaintiff objects to the Magistrate Judge's dismissal of his Eighth Amendment claim[1], supervisory liability claims, and his finding of qualified immunity for all other Defendants (except Defendant Novak and Acevedo). We have considered Plaintiff's objections, the R&R of the Magistrate Judge, and the applicable law. We find that Plaintiff's objections on these claims have no merit and will be overruled. Plaintiff's Eighth Amendment claim regarding the treatment he received and the supervisory liability claims will be dismissed. Further, even if Plaintiff had managed to state a colorable claim based on the treatment he received, the remaining Defendants would be entitled to qualified immunity. Plaintiff's objections are overruled and we will adopt the Magistrate Judge's recommendation in regards to the above issues.

---

[1] In his Objections, Plaintiff takes issue with the Magistrate Judge's finding that the allegations of lack of medical care is simply a disagreement as to the specific medication prescribed. (Doc. 183). He claims that he is not contesting just one aspect of treatment, but about receiving no treatment or not receiving adequate treatment in general. (*Id.*). A review of the record, the applicable law, and the R&R show that Plaintiff has received medical treatment. Though he may not agree with or like the treatment he is receiving, a disagreement in treatment is simply not the basis for an Eighth Amendment deliberate indifference medical claim. *See generally Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004); *Natale v. Camden County Corr. Facility*, 318 F.3d 575 (3d Cir. 2003); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999); *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993); and *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987)

## IV. Deliberate Indifference Claims against Defendant Novak and Acevedo Regarding Three Specific Instances Between February and July of 2010

Defendants filed limited Objections to the R&R, along with a brief in support. (Doc. 181, 182). Along with these limited Objections, Defendants have submitted new evidence arguing against allowing the claims against Defendant Novak and Acevedo to proceed. (Doc. 182). Because Defendants have filed additional evidence, and because of the pending discovery issues raised by Plaintiff and Plaintiff's assertion that various discovery issues have not allowed him to pinpoint the exact dates, we will overrule Defendants' objections at this time and we will allow the deliberate indifference claims against Defendant Novak and Acevedo to move forward. We will remand this matter, including the outstanding discovery issues, to the Magistrate Judge.

## V. Defendants Located in Indiana and Missouri

The Magistrate Judge recommends dismissing the claims against prison medical staff located in Terre Haute, Indiana and Springfield, Missouri for lack of jurisdiction and venue. (Doc. 172, p. 41-43). Neither Defendants nor Plaintiff objects to this portion of the R&R. The Magistrate Judge is correct to hold that this Court does not have jurisdiction over those defendants and venue is not proper. 28 U.S.C. § 1391(b). Further, the Court also agrees with the Magistrate Judge's finding that Plaintiff has not properly alleged that all of the Defendants named in the Complaint are a part of some singular scheme. (*Id.* at 42-43). After considering the applicable law and the recommendation of the Magistrate Judge, we will adopt the recommendation dismissing the claims against the prison medical staff located in Indiana and Missouri and will dismiss those Defendants from the case.

## Conclusion

The R&R of Magistrate Judge Martin C. Carlson will be adopted, (Doc. 172); however, the case will be remanded back to the Magistrate Judge for consideration of Plaintiff's FTCA claims and remaining deliberate indifference claims, and for the resolution of any other pending motions.